# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-31037
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 23, 2019

Lyle W. Cayce
Clerk

JOHN BENJAMIN HICKMAN,

Plaintiff - Appellant

v.

RED RIVER HEALTH DEPARTMENT; RED RIVER ELEMENTARY SCHOOL; SHERIFF'S DEPARTMENT RED RIVER PARISH; YASHICA THOMAS TURNER; CHARLOTTE THOMAS TAYLOR; JOHNNY TAYLOR; JOEY WIGGIN,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:16-CV-195

Before BARKSDALE, HAYNES, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

John Benjamin Hickman, former Louisiana prisoner #455235, appearing *pro se* and *in forma pauperis*, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint, with prejudice, as frivolous and for failure

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-31037

to state a claim upon which relief can be granted.  We review the dismissal *de novo*.  *See Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009).

Hickman's complaint mentioned his negative human-immunodeficiency-virus status, his heterosexuality, and his Muslim identity. The complaint, however, did not make any specific allegations regarding how defendants violated his constitutional rights.  Likewise, Hickman's appellate brief does not address the claimed reason the district court erred in dismissing his complaint.

Although *pro se* briefs are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), *pro se* litigants must brief contentions in order to preserve them.  *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).  Accordingly, Hickman has abandoned any challenge to the dismissal of his complaint.  *Id.*

The district court's dismissal of Hickman's complaint, filed while he was incarcerated, counts as a strike for purposes of 28 U.S.C. § 1915(g) (prohibiting *in forma pauperis* civil actions and appeals by prisoners after three prior dismissals for frivolity).  *See Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1762–64 (2015).  The district court also dismissed Hickman's previous 42 U.S.C. § 1983 complaint as frivolous.  *See Hickman v. Norman*, 2013 WL 4044433, at *1 (W.D. La. 8 Aug. 2013).  Hickman, therefore, has two strikes for purposes of 28 U.S.C. § 1915(g).

Because Hickman fails to raise any issues of arguable merit, his appeal is dismissed as frivolous.  *See* 5th Cir. R. 42.2; *see also Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Although the dismissal of an appeal as frivolous will ordinarily count as a separate strike, for purposes of 28 U.S.C. § 1915(g), *see Adepegba*, 103 F.3d at 388, this dismissal will not count because Hickman was not incarcerated or otherwise detained upon its commencement.  *See* 28 U.S.C. § 1915(g).

No. 18-31037

Hickman is WARNED that, if he accumulates three strikes, pursuant to 28 U.S.C. § 1915(g), he will not be able to proceed *in forma pauperis* in any civil action or appeal while he is incarcerated or detained in any facility, unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

DISMISSED.